J-S67030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: O.H., A MINOR CHILD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: C.H., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1242 EDA 2016 |

Appeal from the Order Entered March 15, 2016
in the Court of Common Pleas of Northampton County
Orphans' Court at No(s):  OC-2014-0040

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 01, 2016**

Appellant C.H. ("Father"), appeals the Order entered on March 15, 2016, in the Court of Common Pleas of Northampton County by the Honorable Emil Giordano, involuntarily terminating his parental rights to O.H. (born in August of 2009) ("Child"), pursuant to the Adoption Act, 23 Pa.C.S. § 2511(a)(1) and (b).  We affirm.

The relevant facts are as follows:

Child was born in August 2009, during the marriage of J.M. ("Mother") and Father.  Mother and Father separated in February of 2011.  Following the separation, Father lived with his mother ("Paternal Grandmother") in her home.  By an interim custody order, Mother was granted sole legal and primary physical custody of Child.  Father was granted partial custody every Sunday from 12:00 p.m. to 6:00 p.m., supervised by Paternal

_____

* Former Justice specially assigned to the Superior Court.

Grandmother, until Father produced a clean urine screen and met other conditions of the custody order. Father was directed to undergo random drug testing for a period of six months, and, if Father "has an unexcused positive, a no show, or a dilute, his visitation shall automatically become supervised again, pending further Order of Court." N.T. 12/17/14 at 4. Father exercised unsupervised visits at Paternal Grandmother's home for an unspecified period of time.

In May 2013, Mother stopped taking Child to Paternal Grandmother's home. In June 2013, Father, through counsel, filed a petition for contempt against Mother and a motion to modify the existing custody order. In June 2013, a custody conference was scheduled to which Father failed to appear. As such, the orphans' court dismissed Father's contempt petition. In August of 2013, during a police raid of Paternal Grandmother's home, Father was arrested for manufacturing methamphetamine in the basement of the home, to which he pleaded guilty. Father was sentenced to a term of imprisonment of three and one-half to seven years.

On July 28, 2014, Mother and Stepfather filed a petition for the involuntary termination of Father's paternal rights. On the same date, Stepfather filed a petition for adoption. On March 16, 2015, the trial court denied the petition.

Trial Court Opinion 3/15/16, at 1-2.

This matter was previously before this Court, wherein Mother and Stepfather appealed the trial court's March 16, 2015 order that denied their petition to involuntarily terminate Father's parental rights to Child. In a Memorandum filed on November 6, 2015, this Court found that the trial court abused its discretion in denying the petition, as section 2511(a)(1) had been satisfied. The Court vacated and remanded the matter to the trial court with instructions to determine whether termination of Father's parental rights pursuant to Section 2511(b) was appropriate. *See In re: O.H., a*

- 2 -

***Minor, Appeal of: J.M. and J.M.***, 134 A.3d 482 (Pa. Super. 2015) (unpublished Memorandum). On remand, the trial court entered an order dated March 15, 2016, finding Section 2511(b) satisfied, and, accordingly, terminating Father's parental rights.

On April 6, 2016, Father timely filed the instant appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

Father raises the following issues on appeal:

1. Did the trial court err in finding that [Father] never developed a bond with Child?

2. Did the trial court err in finding that there is no bond between [Father] and Child which would be irreparably harmed if [Father's] parental rights are terminated?

3. Did the trial court err in finding termination of [Father's] parental rights to be in Child's best interest?

Father's Brief, at 3.

Our standard of review regarding orders terminating parental rights is as follows:

When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.

*In re S.H.*, 879 A.2d 802, 805 (Pa. Super. 2005). In termination cases, the burden is upon the petitioner to prove by clear and convincing evidence[1] that the asserted grounds for seeking the termination of parental rights are valid. *Id.* at 806.

"The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence." *In re M.G. and J.G., Minors*, 855 A.2d 68, 73-74 (Pa. Super. 2004). "If competent evidence supports the trial court's findings, we will affirm even if the record could also support the opposite result." *In re Adoption of T.B.B., Jr.*, 835 A.2d 387, 394 (Pa. Super. 2003).

In the instant matter this Court has already deemed involuntary termination appropriate under 23 Pa. C.S.A. § 2511(a)(1). **See** *In re: O.H., a Minor*, 134 A.3d at 482. Once the moving party in a termination of parental rights hearing has met the conditions of at least one of the sections delineated in 23 Pa. C.S.A. § 2511(a)(1), the moving party must show that termination promotes the emotional needs and welfare of the child as set

---

[1] The standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *In re J.L.C. and J.R.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003).

forth in Section 2511(b).  **See *In re: B.L.L.***, 787 A.2d 1007 (Pa. Super 2001).  Thus, we address only Section 2511(b), which provides as follows:

**§ 2511. Grounds for involuntary termination**

* * *

**(b) Other considerations**.--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child.  The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.  With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S. § 2511(b).

With respect to considering the effect on Child of terminating Father's parental rights pursuant to Section 2511(b), the requisite analysis is as follows:

Subsection 2511(b) focuses on whether termination of parental rights would best serve the developmental, physical, and emotional needs and welfare of the child.  In ***In re C.M.S.***, 884 A.2d 1284, 1287 (Pa. Super. 2005), this Court stated, "Intangibles such as love, comfort, security, and stability are involved in the inquiry into the needs and welfare of the child." In addition, we instructed that the trial court must also discern the nature and status of the parent-child bond, with utmost attention to the effect on the child of permanently severing that bond.  ***Id***.  However, in cases where there is no evidence of a bond between a parent and child, it is reasonable to infer that no bond exists.  ***In re K.Z.S.***, 946 A.2d 753, 762-63 (Pa. Super. 2008).  Accordingly, the extent of the bond-effect analysis necessarily depends on the circumstances of the particular case. ***Id***. at 63.

***In re Adoption of J.M.***, 991 A.2d 321, 324 (Pa. Super. 2010).

At the hearing on remand, the Guardian Ad Litem ("GAL") testified that Child does not report any memories of Father, nor has Child indicated that she wished to see Father. Notes of Testimony (N.T.), 1/11/16, at 3 (unpaginated). The GAL observed that Child seems like "a happy little girl." *Id.* at 5. The trial court found "all evidence presented to the [trial c]ourt indicates that the needs and welfare of [Child] are best served by Mother and Stepfather." Trial Court Opinion, 3/15/16, at 5.

The trial court specifically found that there is no bond between Child and Father. Id. at 3-5. The trial court stated, "[t]here is little, if any evidence that indicates [Child] remembers [Father]." Id. at 5. We have stated, "In cases where there is no evidence of any bond between the parent and child, it is reasonable to infer that no bond exists." *In re K.Z.S.*, 946 A.2d at 763.

Termination of Father's parental rights would not cause Child irreparable harm as the bond between Child and Father is nonexistent. After our review, we conclude that the testimonial evidence supported the trial court's determination that involuntarily terminating Father's parental rights would serve the developmental, physical, and emotional needs and welfare of Child pursuant to Section 2511(b).

We find that the trial court properly conducted a bond/effect analysis, and properly considered the developmental, physical, and emotional needs of Child in determining that Father's parental rights should be terminated

pursuant to Section 2511(b). ***See In re C.M.S. supra***. Accordingly, we find no error of law or abuse of the trial court's discretion in terminating Father's parental rights.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2016